NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 20, 2019

Alvin L. Pittman, Esq.
Law Offices of Alvin L. Pittman
5777 West Century Blvd., Suite 1685
Los Angeles, CA 90045
*Counsel for Plaintiff*

J. Joseph Tanner, Esq.
Andrew L. Campbell, Esq.
Stephanie N. Russo, Esq.
Faegre Baker Daniels LLP
300 North Meridian Street
Indianapolis, IN 46204
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:**   **Sanders v. Zimmer, Inc. et al.**
         **Civil Action No. 16-5310 (SDW) (LDW)**
         **MDL No. 09-4414 (SDW) (LDW)**

Counsel:

Before this Court is Plaintiff Carrie Henry Sanders's ("Plaintiff") Motion for Reconsideration of this Court's October 23, 2019 Order (the "Order"), (D.E. 25), which dismissed Plaintiff's Complaint with prejudice. This Court, having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** Plaintiff's motion.

## DISCUSSION

A.

"Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review." *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015). A motion for

reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

B.

The Court assumes the parties' familiarity with the factual and procedural history of this action and addresses only those facts necessary for resolution of the instant motion. Plaintiff's suit, originally filed in the Los Angeles Superior Court and removed to this Court on August 11, 2016, alleges that Plaintiff was injured by a defective hip implant manufactured by Defendant Zimmer, Inc. ("Defendant"). (D.E. 1-1; 21.) On September 26, 2019, Defendant moved for an Order to Show Cause why Plaintiff's suit should not be dismissed for failure to participate in the Global Settlement Program. (D.E. 22.) The Court, after reviewing the parties' submissions, found that Plaintiff's three-year refusal to produce records and documents requested by Defendants had impeded mediation or settlement of Plaintiff's claims, and ordered Plaintiff's suit dismissed. (D.E. 25.) Plaintiff moved for reconsideration of the Order on November 6, 2019. (D.E. 26.)[1]

Plaintiff's sole argument in support of reconsideration is that she attempted to provide Defendant with documents on June 25, 2019, but discovered sometime between October 23, 2019 and November 6, 2019, that the email her counsel sent was never delivered. (*See generally* D.E. 26.) This is insufficient. Plaintiff failed to provide requested documents for three years. Plaintiff's most recent effort to provide Defendants with records does not remedy her long-standing failure to comply with the requirements of the Global Settlement Program, nor is it clear from the record that those records do, in fact, provide the material requested. Further, counsel's "discovery" that his email was not delivered is not "new evidence" unavailable or unknown at the time the Order was entered. Ultimately, Plaintiff's position is nothing more than a disagreement with the Court's ruling. *See Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000) (noting that a motion for reconsideration "will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered" to come to a different conclusion). Although it is unfortunate that Plaintiff's suit was dismissed, such a resolution is not manifestly unjust. As a result, Plaintiff's motion will be denied.

---

[1] Plaintiff has also appealed to the Third Circuit. (D.E. 28.)

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Reconsideration of the October 23, 2019 Order is **DENIED**.  An appropriate order follows.

                                                 /s/ Susan D. Wigenton
                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.